Greco, PJ.
The plaintiff, Advanced Spine Centers, Inc. (“Advanced Spine”), filed this action against Commerce Insurance Company (“Commerce”) seeking to recover unpaid personal injury protection (“PIP”) benefits with respect to the treatment of its patient, Julio Davila (“Davila”). Advanced Spine alleges that on May 11, 2005, Davila was a passenger in the front seat of a car being driven by one Alsina (“Alsina”). The car was insured by Commerce, which denied the claim. Commerce, however, alleges that Davila, not Alsina, was the actual driver of the automobile at the time of the accident.
In support of its position, Commerce filed a motion for summary judgment. As the moving party, Commerce had to “show that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law.” Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995), quoting Mass. R. Civ. R, Rule 56(c). A court must “view[] the evidence in the light most favorable to the nonmoving party,” here Advanced Spine. Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). In support of that position, Advanced Spine looked to materials actually generated by Commerce.
*124 Commerce submitted an affidavit of Ryan Men (“Men”), a senior claim representative in Commerce’s special investigations unit. In his affidavit, Men stated that he was familiar with Davila’s claim, that the owner of the subject vehicle had a policy with Commerce, that Advanced Spine had requested payment under the PIP provisions in the policy “for treatment reportedly rendered to ... Davila ... following an alleged May 11, 2005 motor vehicle accident,” and that Davila testified in an examination under oath (“EUO”) that he was injured in that May 11th accident while “he was a front seat passenger.” Men further stated in his affidavit that Davila testified in the EUO that prior to the accident, "he drank at least a couple of shots of Southern Comfort and a couple of beers.” Men stated that based on Davila’s statements, Commerce denied Davila’s claim.
The EUO referred to above was taken on October 6, 2005. A partial transcript of that examination appears in Advanced Spine’s appendix. (It would appear the transcript spanned ninety-five pages. However, only excerpts, totaling about ten pages, are reproduced in the record.) Within those ten pages, Davila was asked to indicate in writing “where everybody was in the car at the time of the accident.” In his drawing, Davila put “[Alsina] driving the car,” with himself “as a front seat passenger.” Davila further stated that he “got in the passenger [sic], [Alsina] got in the driver [sic], my brother got in the rear.” At this point, they were in “South Holyoke, South Bridge Street... exiting a bar.” Davila later in the examination stated that “[Alsina] was already at the bar.” They stayed in the bar until it closed at “2 o’clock” AM. In his EUO, Davila again stated that he had a “[c]ouple of shots [of] Southern Comfort.” As to how much Alsina had to drink, Davila at first said he did not know, but subsequently said she had “a few beers.” With respect to the accident, Davila stated that Alsina was driving the car, that she was “slowing down,” and that he saw “the other vehicle as [Alsina] was beginning her left turn.” As soon as she did so, he saw the other car come up the one-way street “real quick.” He “freaked out.” He again stated “positively’ that he was not driving, and that he was a passenger in the car. When asked further about the accident, he stated that “[Alsina] did not complete her turn before the impact happened.” When asked “[w]hat portion of her car was turned,” he said, “[T]he front, a little bit in the front.” He further stated that he went to First Spine and Rehabilitation.
Included in Advanced Spine’s appendix was a copy of a criminal docket sheet out of the Holyoke District Court indicating that on May 11,2005, Davila was arraigned for operating a motor vehicle under the influence of an intoxicating liquor or having a breathalyzer score of .08 or more. He was found guilty of that charge and sentenced to sixty days’ incarceration. Nothing in the docket sheet indicates the time of Davila’s arrest. Moreover, neither party has included in their papers any police reports.
Finally, the record includes a letter sent by a Commerce adjuster to Davila’s attorney advising the attorney that Commerce would not pay for Davila’s treatment in view of the “conflicting information [Commerce] received regarding the operator and number of occupants in the insured’s vehicle, as well as the fact that neither... Davila, nor ... Alsina, are listed operators on our insured’s policy.” However, the adjuster also informed Davila’s attorney that in an EUO, the other motorist in the accident testified that “Julio Davila, had been the operator of our insured’s vehicle at the time of said loss.” The other motorist further testified that “Mr. Davila *125 approached him after the accident and asked him to report that Julio was a passenger rather than the driver.” In the same letter, Commerce’s adjuster stated that a police report lists Davila as the operator, but that Alsina had reported that she was the operator and that Davila was a passenger. She proceeded to give a detailed description of her driving that day. Davila’s report of the routes taken that day differed from Alsina’s. At the close of the letter, Davila’s attorney was told that Davila violated the “cooperation clause” in the policy “as well as the implied covenants of good faith and fair dealing, by providing false information,” i.e. misrepresentations. Neither a copy of the EUO nor a police report, however, is included in the record of this case.
On April 8, 2011, Commerce’s motion for summary judgment was allowed. Advanced Spine filed this appeal pursuant to Rule 8C of the Dist./Mun. Cts. R. A. D. A. In such an appeal, the “record of the proceedings shall consist of a typewritten transcript of the electronic or stenographic recording of the proceedings or, where no such record is available, a statement of the evidence. ... No transcript or statement of the evidence shall be required for appeal under this rule where the issue or issues presented is raised solely by the pleadings.” Rule 8C(a).
At first blush, the scenario here seems fairly straightforward. Davila and Alsina were in a bar, were drinking heavily, and then left the bar, whereupon an accident occurred. Based on the time that they left the bar, these events occurred in the early morning hours of May 11th, probably a little after 2:00 AM. While both Alsina and Davila maintain that she was driving the car, it was Davila who was subsequently arrested for driving under the influence, and who was arraigned the same day in the Holyoke District Court as indicated in Advanced Spine’s own appendix. On the other hand, the docket sheet does not indicate the time of Davila’s arrest. Neither party supplied the trial court with any police reports indicating the time of the arrest. Was it a little after 2:00 AM, or during the morning or early afternoon of May 11th? (We can take judicial notice that arrestees are often brought into a court and arraigned into the afternoon hours.)
We also note that the letter sent by a Commerce adjuster to Davila’s attorney acknowledged that the evidence is “conflicting.” It also states, however, that Commerce received notice from the lawyer for the other operator in the accident, one Marcus Irwin, that his client informed him that Davila was arrested at the scene, and that “Davila approached him after the accident and asked him to report that [Davila] was a passenger rather than the driver.” Obviously, this is potentially significant evidence, but what the other lawyer said to the adjuster about what somebody else said was inadmissible hearsay. See Irwin v. Ware, 392 Mass. 745, 749 (1984).
The issue as to who was the driver would appear to have been easily established by admissible evidence. We are left with unresolved issues of material fact as to who was the driver and whether, if it were Davila, his consumption of alcohol caused the accident.
Accordingly, we find that Commerce’s motion for summary judgment should not have been allowed, and this matter must be returned to the trial court for trial.
So ordered.